## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RANDALL REED,               )
                                           )
                 Plaintiff,     )
                                           )
v.                                 )     Case No. 19-cv-2613-DDC-TJJ
                                         )
TRAVELERS PROPERTY CASUALTY  )
COMPANY OF AMERICA,        )
                                         )
               Defendant.   )

## ORDER

This matter is before the Court on Plaintiff's Consented to Motions for Leave to File Under Seal (ECF Nos. 41 and 44), in which Plaintiff requests that the Court enter an order allowing him to file under seal two exhibits in support of his Motion for Summary Judgment (ECF No. 39). The only stated reason for filing the exhibits under seal is that the documents contain information which Defendant has designated as confidential pursuant to the Protective Order entered in this case.[1]

Federal courts have long recognized a common law right of access to judicial records.[2] This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.[3]

---

[1] *See* Protective Order (ECF No. 17) entered January 17, 2020.

[2] *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007).

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *Worford v. City of Topeka*, No. 03-2450-JWL, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).

The public's right of access, however, is not absolute.[4] The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.[5] In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties.[6] The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.[7]

The two exhibits Plaintiff seeks leave to file under seal are claims service contracts and correspondence contained within Defendant's underwriting file that Defendant has marked as confidential. The Protective Order submitted by the parties and filed in this case acknowledges that "[n]othing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets."[8] The Court understands that these exhibits relate to a category of "Confidential Information" covered by the Protective Order, *i.e.*, "Proprietary business records" and Confidential business information that is otherwise not made publicly available to the designating party."[9]

---

[4] *Helm*, 656 F.3d at 1292.

[5] *Id.*; *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985).

[6] *Helm*, 656 F.3d at 1292.

[7] *Id.*; *Mann*, 477 F.3d at 1149.

[8] ECF No. 17 at 6.

[9] *Id.* at 2.

The Court has reviewed the proposed two exhibits to be filed under seal. The first exhibit is 171 pages long and is primarily claims service contracts, which while confidential, does not appear to contain information that, if filed publicly, would cause harm to Defendant, the party who designated the documents as confidential, or any other party, and thus outweigh the public's right of access. The second exhibit is only two pages, but like the first exhibit, does not appear to contain information that would justify filing it under seal.

As in *Helm*, no party has articulated a substantial interest that justifies overriding the public's substantial interest in access to court records. The Court therefore denies the motion to file under seal, but without prejudice. Defendant or any party with an interest in filing the proposed exhibits under seal may file a motion requesting that specifically identified and limited portions of the exhibits be redacted rather than the entire exhibit being filed under seal. Any such motion shall be filed within 14 days of the date of this Order. If no motion is filed by this date, Plaintiff is directed to forthwith file the two exhibits unsealed.

**IT IS THEREFORE ORDERED** that Plaintiff's Consented to Motions for Leave to File Under Seal (ECF Nos. 41 and 44) are **denied without prejudice**.

Dated this 25th day of September, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge